## THE MINNESOTA AND MONTANA LAND AND IMPROVEMENT COMPANY, APPELLANT, *v.* BRASIER, RESPONDENT.

[Submitted July 6, 1896.    Decided July 13, 1896.]

EJECTMENT—*Adverse possession—Statute of limitations—Paper title.*—Adverse possession of lands for the period of the statute of limitations will not be defeated because defendant's entry was not made under a paper title. (*National Mining Co.* v. *Powers*, 3 Mont. 344, cited.)

*Appeal from Seventh Judicial District, Yellowstone County.*

EJECTMENT.    Judgment was rendered for the defendant below by MILBURN, J.    Affirmed.

*C. R. Middleton* and *O. F. Goddard,* for Appellant.

*James R. Goss,* for Respondent.

Per Curiam.—This is an action of ejectment which was decided by the court without a jury upon an agreed statement of facts.   Judgment was for defendant.   Plaintiff appeals.

The court rendered judgment for defendant on the ground that plaintiff's claim was barred by the statute of limitations. The agreed statement of facts set forth that the defendant entered upon the land September 1, 1882, under a claim of title, claiming that it was exclusive of any other right, but not founded upon a written instrument, judgment, or decree, and that defendant had been in quiet, peaceable, open, notorious, actual, exclusive and continued occupation of said lands, and that same have been protected by a substantial inclosure by defendant of the premises in question, and that the same have been usually cultivated and improved by said defendant, Brasier, ever since that time until the commencement of this action, and that he has held the same adversely to the plaintiff and to all other parties since the said 1st day of September, 1882.   The action was commenced in 1893.

Sufficient time to constitute the period of the statute of limitations had therefore run since September 1, 1882.   The statutes of limitation in regard to real estate were, at the time this action was commenced, §§ 29, 30, Code Civil Procedure 1887.   The statutes providing what should be deemed to be adverse possessions were §§ 35 and 36 of the same Code.   We will not quote them at this time.   The only contention of plaintiff against the defense of the statute of limitations was that the defendant's entry was not made under a paper title.   But this contention is decided adversely to plaintiff in *Mining Co.* v. *Powers,* 3 Mont. 344.   The question is there thoroughly discussed, and the authority of that case has never been questioned.   See, also, *Lamme* v. *Dodson,* 4 Mont. 591, 2 Pac. 298.   We shall therefore go no further than to cite the authority, and affirm the judgment of the district court.

*Affirmed.*